UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BORUSAN MAKINA VE GÜÇ SISTEMLERI SANAYI VE TICARET A.Ş., | ) ) ) | 17 C 8489 |
| Plaintiff, | ) ) | Judge Gary Feinerman |
| vs. | ) ) | |
| HOIST LIFTRUCK MFG., INC., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Invoking the diversity jurisdiction, Borusan Makina Ve Güç Sistemleri Sanayi Ve Ticaret A.Ş. brought this suit against Hoist Liftruck Manufacturing, Inc. for breach of contract and unjust enrichment. Doc. 1. Hoist moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss for want of subject matter jurisdiction, contending that the parties are not of diverse citizenship. Doc. 13. The motion is denied.

For purposes of the diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Hoist is an Illinois corporation with its principal place of business in Illinois, Doc. 1 at ¶ 2, making it a citizen of Illinois. Borusan is a business entity organized under the laws of the Republic of Turkey as an "anonim şirket" or "A.Ş." and maintains its principal place of business in Turkey. *Id*. at ¶ 1; Doc. 13-1 at 3; Doc. 17-1 at ¶¶ 3-5. If, as Borusan contends, a Turkish A.Ş. is the equivalent of a United States corporation, then Borusan is a citizen of Turkey, and the parties are diverse. *See BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014). But if, as Hoist contends, Borusan is not the equivalent of a United States corporation, then its citizenship is the

1

citizenship of each of its members or partners. *See Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016); *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 738-39 (7th Cir. 2004). And if Hoist were right, then Borusan has not adequately pleaded that the parties are diverse, for it has not alleged the identity of its partners or members, let alone their respective citizenships. *See Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 319-21 (7th Cir. 2002) (dismissing a purported diversity suit where the parties "[did] not tell [the court] the identity and citizenship of the partners in the two entities that own[ed]" the defendant general partnership); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (dismissing a purported diversity suit brought by a limited partnership where the "pleadings [did] not contain any information bearing on the partners' identity and citizenship") (brackets in original); *Kroll v. Ceva Freight, LLC*, 2014 WL 43641, at *3 (N.D. Ill. Jan. 6, 2014) (remanding a purported diversity suit given the defendant's failure "to even attempt to allege the citizenship of three of the four parties," including a limited liability company and a limited partnership) (emphasis omitted).

Whether a foreign business entity should be treated as a corporation for jurisdictional purposes depends on whether it "has attributes sufficiently similar to those of a corporation organized in the United States." *InStep Software LLC v. Instep (Beijing) Software Co.*, 577 F. App'x 612, 613 (7th Cir. 2014). Those attributes include "indefinite existence, personhood (the right to contract and litigate in [the organization's] own name), limited liability for equity investors, and alienable shares, among other features." *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co.*, 759 F.3d 787, 788 (7th Cir. 2014). So, for instance, the Dutch business entity called a besloten vennootschap met beperkte aansprakelijkheid ("BV") qualifies as a corporation under § 1332(c)(1) because it "has the standard elements of 'personhood'

(perpetual existence, the right to contract and do business in its own name, and the right to sue and be sued)"; it "issues shares to investors who enjoy limited liability (which is to say, are not liable for the business's debts)"; and its "[s]hares can be bought and sold, subject to restrictions that the business declares"—all common traits "in this nation's close corporations." *BouMatic*, 759 F.3d at 791.

Although "anonim şirket" may be literally translated from Turkish as "joint stock company," Doc. 13 at 3, a Turkish A.Ş.—like a Dutch BV—has all of the salient attributes of a United States corporation. First, an A.Ş. is a corporate person with indefinite existence. *See* Tuğrul Ansay and Eric C. Schneider, *Introduction to Turkish Business Law* 88 (2001) (describing an A.Ş. as "a business association with legal personality"); Kemal Ertug and Ali Ulvi Arikan, *Turkey: Company Formation in Turkey*, http://www.mondaq.com/turkey/x/285802/Corporate+Commercial+Law/Company+Formation+In+Turkey (last accessed Apr. 26, 2018) (observing that an A.Ş. "may be incorporated for an indefinite period"); Orhan Yavuz Mavioglu, *Turkey* [sic] *Forms of Doing Business*, http://www.admdlaw.com/turkey-forms-of-doing-business/#.WjFXi1WnGUm (last accessed Apr. 26, 2018) (noting that an A.Ş. "acquires legal personality (entity status)" upon registration). Second, shareholder liability is limited to a shareholder's capital stake in an A.Ş. *See Erben v. Raymond James Fin., Inc.*, 2013 WL 2406242, at *3 (M.D. Fla. June 3, 2013) ("The submissions … establish that, absent the Turkish equivalent of 'piercing the corporate veil,' an anonim sirket shareholder's investment limits the shareholder's liability."); *Introduction to Turkish Business Law*, *supra*, at 88 ("The liability of shareholders for obligations of the corporation is terminated when the amount represented in the shares is paid in."); *How to Incorporate in Turkey*, http://www.admdlaw.com/how-to-incorporate-in-turkey/#.Wn3Bj02Wxjo (last accessed Apr. 26,

2018) ("[T]he liability of shareholders is limited with the share capital subscribed in principle."); *Turkey Forms of Doing Business*, *supra* (noting that, under Article 269 of the Turkish Commercial Code, shareholders are liable only to the extent of their capital commitments). And, third, shares of an A.Ş are transferable. *See Introduction to Turkish Business Law*, *supra*, at 100 ("Shareholders, in general, are free to transfer their shares."); *Turkey Forms of Doing Business*, *supra* (describing share transfer procedures under Turkish law).

Providing further support for the conclusion that an A.Ş. is the equivalent of a United States corporation, Turkish law distinguishes the "limited şirket"—the equivalent of a United States limited liability company, whose citizenship for diversity purposes is the citizenship of each its members, *see IP of A W. 86th St. 1, LLC v. Morgan Stanley Mortg. Capital Holdings, LLC*, 686 F.3d 361, 363 (7th Cir. 2012); *Kroll*, 2014 WL 43641, at *1—from the A.Ş. *See* 3 *Collier International Business Insolvency Guide* ¶ 42.02[1] (Richard F. Broude *et al.* eds. 2018) ("Turkish law also recognizes limited liability companies (*limited şirketler*) which are viewed as a type of partnership in which the liability of the partners is limited to their capital contributions, and is in many respects similar to a corporation, but without ease of transferability of ownership interests. … [By contrast,] joint stock companies (*anonim şirketler*) are recognized under Turkish law and are essentially analogous to corporations."); Eric Schneider & Alev Bilgen, *Foreign Investment Laws in the Republic of Turkey: A Model for Reform*, 5 Transnat'l Law. 99, 117 (1992) (translating "anonim şirket" as "corporation[]" and "limited şirket" as "limited liability compan[y]"); *How to Incorporate in Turkey*, *supra* ("Under Turkish law, both joint stock corporations (similar to 'Corporations' in the U.S. and 'Société Anonyme' in Europe) ('Anonim Şirket'—A.Ş. in Turkey) and limited liability companies (similar to 'LLC' in the U.S. and Europe) ('Limited Şirket'—LTD in Turkey) are capital companies … ."). And as the cherry

atop an already iced cake, Treasury Department regulations define an A.Ş. as a corporation for federal tax purposes. *See* 26 C.F.R. § 301.7701-2(b)(8) (listing the types of foreign entities that are treated as corporations).

Thus, because an A.Ş. has the critical attributes of a United States corporation, Borusan is a citizen of Turkey. *See Flextronics Int'l USA, Inc. v. Sparkling Drink Sys. Innovation Ctr. Ltd*, 186 F. Supp. 3d 852, 861 (N.D. Ill. 2016) ("SDS-IC and -HK are functionally indistinguishable from Netherlands BVs, and as a consequence should be treated as corporations for the purpose of § 1332(c)(1).") (citing cases). And because Hoist is a citizen of Illinois and the amount in controversy exceeds $75,000, this case falls within the diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(2) (providing for diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— … citizens of a State and citizens or subjects of a foreign state"); *Flextronics*, 186 F. Supp. 3d. at 861 ("SDS-IC and SDS-HK are citizens only of Hong Kong, and Bueno is a citizen of Hong Kong and Israel, so Defendants are diverse from [the plaintiff,] Flextronics, a citizen only of California; and because the amount in controversy easily exceeds $75,000, the court has subject-matter jurisdiction under § 1332(a)(2).") (citing cases).

## Conclusion

For the foregoing reasons, this suit falls within the diversity jurisdiction, and Hoist's motion to dismiss is denied.

May 2, 2018

United States District Judge